```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

DANIEL J.A. WEBB
                                              PRISONER
V.                             CASE NO.  3:11-CV-1557(RNC)

JOHN ARMSTRONG, et al.

                           INITIAL REVIEW ORDER

Plaintiff, a death row inmate at Northern Correctional Institution, brings this action pro se under 42 U.S.C. § 1983. The sixty-six page complaint lists a total of twenty-eight defendants.[1] The complaint includes allegations regarding, among other things, the plaintiff's transfer to, and continued confinement in, highly restrictive conditions at Northern, resulting in alleged harm to his physical and mental health; alleged deliberate indifference to the plaintiff's serious medical needs over the years; a history of frequent harassment of the plaintiff by correctional officers at Northern with the acquiescence of supervisory personnel; and interference with mail from the plaintiff's family and friends. But the core of the complaint concerns a series of events following a confrontation between the plaintiff and Captain Jason Cahill on March 29, 2010, in the day room on death row. Plaintiff alleges that having reached the point where he could no longer bear Cahill's disrespectful conduct toward the plaintiff and his family, he lunged and swung at Cahill. Cahill backpedaled, avoiding the

---

[1] The complaint also refers to numerous exhibits but no exhibits have been received by the Clerk.

plaintiff's punches, and called a code, to which dozens of correctional officers responded.  Plaintiff alleges that he was severely beaten by numerous officers, sprayed with chemicals by Cahill, and placed in painfully tight restraints that caused permanent injuries.  He further alleges that he was then confined in inhumane conditions for days.  The allegations concerning the events following the confrontation with Cahill on March 29, 2010, are sufficient to state claims for relief against a number of persons who can be properly joined as defendants in one action. These eight defendants are listed below.  The other defendants are not properly joined because the claims against them do not arise out of these same events.  Accordingly, the allegations against those defendants are severed and dismissed without prejudice.

    Under 28 U.S.C. § 1915A, the Court is required to review a prisoner's complaint against government officials and dismiss any part of the complaint that fails to state a claim on which relief may be granted.  In carrying out its responsibility to perform this screening function, the Court assumes the truth of the factual allegations of the complaint and interprets them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  A complaint is sufficient to state a claim on which relief may be granted if the factual allegations show that the plaintiff has a plausible claim.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Conclusory allegations are not sufficient.  *Id.* at 678-79.

The allegations of the complaint, liberally construed in favor of the pro se plaintiff as required by law, satisfy this test with regard to the following causes of action stemming from the confrontation between the plaintiff and Captain Cahill on March 29, 2010:

1.  Excessive force in violation of the Eighth Amendment against the following defendants: Captain Jason Cahill, Corrections Officer Leaks, Corrections Officer Pagliano, Corrections Officer Kevin Brace and Corrections Officer John Doe.  This claim is based on the plaintiff's allegations that these defendants used excessive force against him when he was beaten and sprayed with chemicals in the day room, when he was subsequently escorted to medical screening, and later when he was escorted to Cell 102 in the West Housing Unit.

2.  Retaliation in violation of the First Amendment against Captain Cahill.  This claim is based on the plaintiff's allegations that Cahill used excessive force against the plaintiff in retaliation for the plaintiff's complaints to Cahill and Warden Angel Quiros concerning Cahill's harassment of the plaintiff.

3.  Deliberate indifference to a serious medical need in violation of the Eighth Amendment against Registered Nurse Paul Wilbur.  This claim is based on the plaintiff's allegations that this defendant failed to loosen the restraints that were applied immediately after the alleged beating in the day room despite the plaintiff's complaints of pain and numbness.

4.  Excessive force in violation of the Eighth Amendment against Lieutenant Germond, and Corrections Officer Fleeting.  This claim is based on the plaintiff's allegations that these defendants applied in-cell restraints to the plaintiff in a manner that caused him pain ("shortchaining").

5.  Inhumane conditions of confinement in violation of the Eighth Amendment against Captain Cahill.  This claim is based on the plaintiff's allegations that this defendant subjected him to inhumane conditions of confinement in cell 102 in the West Housing Unit, where he was held in four point restraints for eight hours, followed by in-cell restraints for three days.  Plaintiff alleges that the restraints were too tight, the temperature was freezing, the cell was filthy, he was denied soap and eating utensils, and he had to eat with his hands, which were soiled with fecal matter.

With regard to the allegations against the other twenty defendants listed in the complaint, Rule 20 of the Federal Rules of Civil Procedure permits persons to be joined as defendants in one action if a right to relief is asserted against them arising

4

out of the same transaction or occurrence, or series of transactions or occurrences, and a question of law or fact common to all the defendants will arise in the action.  This test is not satisfied with regard to the other defendants named in the complaint.  The plaintiff does not assert a claim against them arising from the events following the confrontation between the plaintiff and Captain Cahill on March 29, 2010.  Accordingly, the allegations against those defendants are severed and dismissed without prejudice.  If the plaintiff wishes to proceed against some or all of those other defendants, he may do so do so but any new actions will be reviewed for compliance with Rule 20.

Accordingly, the Court enters the following orders:

(1)  All claims against defendants former Commissioner John Armstrong, former Commissioner Brian K. Murphy, former Commissioner Theresa Lantz, District Administrator Michael Lajoie, former Warden Robert Kupec, former Warden Lawrence Myers, former Warden Wayne Choinski, former Warden Jeffrey McGill, former Warden Angel Quiros, Deputy Warden Faucher, Director of Mental Health Susanne Ducate, Captain Dennis Oglesby, Captain Darryl Little, Lieutenant Thomas Riordan, Captain Hines, Director Medical Department Richard Furrey, Dr. Carson Wright, Counselor Supervisor Cassandra Davis, Corrections Treatment Officer Aisha Mu'min, and Disciplinary Hearing Officer John Doe, and any other claims against the remaining defendants that are not specified above are **dismissed without prejudice**.  The case will proceed on

the claims against defendants Captain Jason Cahill, Corrections Officer Leaks, Corrections Officer Pagliano, Corrections Officer Kevin Brace, Registered Nurse Paul Wilbur, Lieutenant Germond, Corrections Officer Fleeting and Corrections Officer John Doe regarding the claims specified above stemming from the incident on March 29, 2010.

(2)  **The Pro Se Prisoner Litigation Office shall** verify the current work addresses of defendants Captain Jason Cahill, Corrections Officer Leaks, Corrections Officer Pagliano, Corrections Officer Kevin Brace, Registered Nurse Paul Wilbur, Lieutenant Germond, and Corrections Officer Fleeting with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to each defendant at the confirmed addresses within **fourteen (14) days** of this Order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect

service of the complaint on defendants Captain Jason Cahill, Corrections Officer Leaks, Corrections Officer Pagliano, Corrections Officer Kevin Brace, Registered Nurse Paul Wilbur, Lieutenant Germond, and Corrections Officer Fleeting in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, within **fourteen (14) days** from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(4)   **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)   **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(6)   The court cannot effect service on the Corrections Officer Doe without his full name and current work address.  The plaintiff is directed to file an amended complaint containing this information.  The amended complaint shall also omit all allegations relating to the claims that have been dismissed without prejudice by this order, leaving only the allegations relating to the claims specified above.  The plaintiff shall file the amended complaint within **twenty (20) days** from the date of this order.  Failure to comply with this order may result in the dismissal of the claims against defendant Doe without further

7

notice from the court.

So ordered at Hartford, Connecticut, this 15th day of August 2012.

```
                                    /s/
                           Robert N. Chatigny
                       United States District Judge
```