```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

DANIEL J.A. WEBB                :
                                :
     Plaintiff,                 :
                                :
v.                              :     Case No. 3:11-cv-1557(RNC)
                                :
JOHN ARMSTRONG, ET AL.,         :
                                :
     Defendants.                :
```

## RULING AND ORDER

Plaintiff, an inmate at Northern Correctional Institution, brings this action under 42 U.S.C. § 1983 against employees of the Department of Correction. Pending is plaintiff's motion for leave to amend the complaint to add new claims. For reasons that follow, the motion is granted.

The original complaint in this case, filed when plaintiff was proceeding pro se, joined a wide array of claims against a large number of defendants alleging violations of plaintiff's constitutional rights spanning many years. Following initial review of the complaint as required by 28 U.S.C. § 1915, the Court determined that the claims were insufficiently related to be joined in one action. Because the core of the complaint concerned an altercation between plaintiff and defendant Jason Cahill on March 29, 2010, plaintiff was ordered to file an amended complaint asserting claims arising out of that altercation and omitting other claims. The present complaint alleges that after the altercation on March 29, 2010, plaintiff was severely beaten by Cahill and other officers, denied medical

treatment for his injuries, and held in inhumane conditions of confinement.

Plaintiff seeks leave to amend the complaint to add claims alleging a violation of his right to privacy under federal law and his rights under state tort law to be free from unreasonable publicity and unreasonable intrusion on seclusion. The proposed claims allege that in the wake of the altercation on March 29, 2010, Cahill gave his union representative an email he had received from a DOC staff psychologist regarding a psychological assessment of the plaintiff in violation of a DOC regulation prohibiting disclosure of an inmate's confidential medical information. Defendants argue that leave to amend should be denied because the new claims are time-barred and would result in delay.

Under Rule 15(a), leave to amend a complaint is to be freely granted consistent with the strong policy favoring adjudication of claims on the merits. When a tailored scheduling order has entered, the relatively lenient standard governing amendments under Rule 15(a) must be balanced against the requirement of Rule 16(b) that the schedule not be modified except on a showing of good cause. See Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003). Under Rule 16(b), a court has discretion to deny leave to amend if the moving party has failed to act with due diligence, see Gullo v. City of New York, 540 Fed. App'x. 45,

46-47 (2d Cir. 2013), or the amendment will cause undue prejudice, see <u>Fresh Del Monte Procude, Inc. v. Del Monte Foods, Inc.</u>, No. 13 Civ. 8997(GPO)(GWG), 2014 WL 6886010, at *4 (S.D.N.Y. Dec. 8, 2014).

Before turning to the Rule(16)(b) analysis, it is necessary to consider defendants' argument that the proposed claims are time-barred.  Defendants argue that the claims are barred by the three-year statute of limitations in Connecticut General Statutes § 52-577, which provides the limitations period for state tort claims as well as claims under § 1983.  See <u>Lounsberry v. Jeffries</u>, 25 F.3d 131, 134 (2d Cir. 1994).  The allegedly wrongful disclosure of confidential information for which plaintiff seeks redress occurred more than three years before the filing of the present motion.  Under § 1983, however, a claim does not accrue until "the plaintiff 'knows or has reason to know' of the harm."  <u>Eagleston v. Guido</u>, 41 F.3d 865, 871 (2d Cir. 1994); <u>see also</u> <u>Singleton v. City of New York</u>, 632 F.2d 185, 192 (2d Cir. 1980) ("[T]he crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action.").  Plaintiff states that he did not know about Cahill's disclosure of the email in question until DOC responded to a subpoena in this case in 2014.  Defendants do not dispute his assertion.  Accepting the assertion as true, the § 1983 claim did not accrue

until 2014 and thus is not time-barred.

The federal law that governs accrual of claims under § 1983 does not apply to plaintiff's new claims under state law. Therefore, the timeliness of these claims must be analyzed separately. Under state law, the date these claims accrued does not save them because § 52-577 is a statute of repose. See Rosenfield v. Rogin, Nassau, Caplan, Lassman & Hirtle, LLC, 69 Conn. App. 151, 158-59 (2002) (section 52-577 cannot be construed to delay the start of the limitation period until the cause of action has accrued). As a result, the state law claims may be time-barred even though the § 1983 claim is not.

Plaintiff urges that the state law claims are not time-barred because they relate back to the claims in the original complaint.[1] Under Rule 15(c)(1)(B), a claim relates back if it arises "out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading." Id. This standard is met, plaintiff argues, because Cahill's disclosure of the email to his union representative arose out of the events alleged in the complaint and may be seen as "an added element of abuse" or "another piece of the puzzle." Defendants

---

[1] Plaintiff also argues that the claims are timely based on equitable tolling. But plaintiff does not identify a potential basis for equitable tolling and there appears to be none. There is no indication that this case involves a continuing course of conduct, breach of a fiduciary relationship, or fraudulent concealment. Thus, the state law claims are barred unless they relate back to the claims in the original complaint.

4

argue that adequate notice of the proposed claims was not provided by the allegations in the original complaint, which is the key consideration in determining whether claims relate back. See <u>Slayton v. Am. Express Co.</u>, 460 F.3d 215, 225 (2d Cir. 2006).

Relation back under Rule 15 serves the interest in adjudicating claims on the merits when they are sufficiently related to the allegations in the original complaint to avoid unfair prejudice to the defense based on lack of notice.  In this case, the claims are sufficiently related.  Plaintiff alleges that Cahill agreed to disclose the email to his union representative during a discussion of the events that had just taken place between Cahill and the plaintiff, and that Cahill released the email knowing its contents would be used in connection with union business in violation of a regulation protecting inmate privacy.  Crediting these allegations, Cahill's disclosure of the email arose out of the conduct, transaction or occurrence alleged in the complaint for purposes of Rule 15(c)(1)(B).

Defendants' argument that the allegations in the original complaint did not provide adequate notice has some force.  However, plaintiff alleges that Cahill has long been on notice of a need to defend his disclosure of the email because it was the subject of an internal DOC investigation that was resolved adversely to him.  In this context, it is not unfairly

prejudicial to Cahill to require him to defend the claims on the merits.[2]

Turning to the Rule 16(b) analysis, plaintiff argues that he satisfies the good cause standard because he did not discover the facts supporting the proposed claims until 2014. See Pl.'s Reply (ECF. No. 84) at 5. As mentioned earlier, defendants do not dispute plaintiff's statement. Therefore, the amendment is not unduly delayed. Compare Securities and Exchange Comm'n v. DCI Telecomms., Inc., 207 F.R.D. 32, 34-35 (S.D.N.Y. 2012) (allowing amendment when plaintiff obtained discovery supporting amendment four months before motion), and Am. Med. Assoc. v. United Healthcare Corp., No. 00 Civ. 2800, 2006 WL 3833400, at *4 (S.D.N.Y. Dec. 29, 2006) (no undue delay when party moved to amend several months after learning relevant facts in discovery), with Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986) (affirming denial of leave to add new claims known since beginning of case), and Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46-48 (2d Cir. 1983) (affirming denial of leave when defendant sought to add an affirmative defense it could have asserted two years earlier).

The remaining issue is whether allowing the proposed claims

---

[2] Defendants' objection that the original complaint did not provide adequate notice of the proposed claims does not apply to the claim under § 1983, which serves to inject Cahill's disclosure of the email into this case regardless of whether the state law claims relate back.

would be unduly prejudicial under Rule 16(b).  The prejudice analysis "involv[es] a balancing process 'which weighs the potential for prejudice resulting from granting the amendment against the risk of prejudice to the moving party if the amendment is denied.'"  <u>H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.</u>, 112 F.R.D. 417 (S.D.N.Y. 1986) (quoting <u>L.D. Schreiber Cheese Co., Inc. V. Clearfield Cheese Co., Inc.</u>, 495 F. Supp. 313, 315 (W.D. Pa. 1980)).  Prejudice results when the proposed amendment would "'(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'"  <u>Monahan v. New York City Dep't of Corr.</u>, 214 F.3d 275, 284 (2d Cir. 2000) (quoting <u>Block v. First Blood Assoc.</u>, 988 F.2d 344, 350 (2d Cir. 1993)).

Defendants argue that granting leave to amend will significantly delay resolution of the case because the new § 1983 claim may be the subject of a motion to dismiss based on qualified immunity, which, if unsuccessful, could lead to an interlocutory appeal.  Defendants' concern about delay may prove to be well-founded.  But the affirmative defense of qualified immunity does not provide a valid basis for denying leave to amend.  See <u>Oliver Schools, Inc. v. Foley</u>, 930 F.2d 248, 253 (2d Cir. 1991).

Defendants also argue that permitting the new claims will require additional discovery. It appears that the discovery deadline will have to be extended as a result of the new claims. Balancing the parties' interests, however, the need for some additional discovery does not justify denying leave to amend.

Accordingly, the motion for leave to amend is hereby granted.

So ordered this 23rd day of March 2015.

                                          /s/RNC
                                         Robert N. Chatigny
                                         United States District Judge